# UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT



Case No. 21-10718-J J

Joseph Parrott Sr. And

Jo-Lynn J. Parrott

_____,

   Appellant

Versus

Douglas w. Neway, And

U.S. Bank Nationnal Associates, et al

_____

   Appellee(s).

1

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT (CIP)

Joseph Parrott Sr. _vs._ U.S. Bank N/A, et al     Appeal No. 21-10718-J

11th Cir. R. 26.1-1(a) (enclosed) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

*(please type or print legibly)*:

**Mers Mortgage Company**

**Ocwen Financial Corporation**

**Ocwen Loan Servicing**

**PHH Mortgage Corporation**

**PHH Mortgage Launches**

**U.S. Bancorp Corporation**

**Robertson, Anschultz & Schneid, P.L.,**

**Simonitsch J. William, Assistant U.S. Trustee**

Rev.: 12/16

Appeal from the District Court for the

(Middle District of Florida)

Joseph Parrott Sr.

Jo-Lynn J. Parrott

1437 Delmar Sterrt

Jacksonville, Florida 32205-6100

1. Certificate of Interested Persons Please see attached form.

2. Statement Regarding Oral Argument.

Statement of why the appeal, First U.S. Bank National Association filed

a fraudulent forecolosure against my property at 1437 Delmar Street



Jacksonville, Florida 32205, which they admitted to in a letter dated March 1, 2017. exhibit etc.a A-B IS of great public importance throughout the state Seconds the Trustee Douglas W Neway had a duty to the public to inform them of the fraud which was ignored see page 12 and 6 as exhibit B,etc.

3. Thirdly see Complant to the Florida Bar Against the former attorney Thomas C. Adam exhibit C,etc.

4. Fourth I Joseph Parrott Sr. Contacted midland mortage and MERS SYSTEM/MORTGAGE COMPANIES And was inform in a letter date Jan 20th 2017 that the loan has been paid in full. Here's the problem the letter was address to me and my wife, Which neither of us paid or sign nor authorized anything. Which appears to be some type of fraud has taking place through these companies, which need to be review or investigator. See exhibit D, No August, 25th 2020 the presiding Judge Brian J. Davis Dismissed the case without notice to the Appellants, which he admitted to in this ORDER. On June 8, 2020 Elizabeth Warren, Depty Clerk, hasd the case designed as a track one case scheduled for mediation under Local Rule 3.05 . I was notified to contact each party for case management before that would happen a

order was sent dismiss the case management . which is a violation of our constitutional right. We were not afforded full due process of the law.   we the Appellant's Joseph Parrott Sr. and Jo-lynn J. Parrott did file our CIP timely according to Rule 11th Cir. R. 26. 1-1 and on the other hand the Defendants- Appellee's ignore the order, Rules to file a CIP respond what's in a timely matter. This warranted Sanctions under 11th Cir. R. 26. 1-5(c). please see paragraph 8 Conclusion, and Relief below. etc.

3.

5. The Originating Order Dissmissing of Chapter 13 Case. January 29, 2020, and we are asking for a full review, examination and Investigation of this Case. etc. The Appeal was filed no Feb 18, 2020 Certifica of Service was served on Feb 27, 2021 on the parties of interest.

6. Statement of the issue.

U.S. Bank National Association filed a fraudulent forecolosure against my property at 1437 Delmar Street Jacksonville, Florida 32205, which they admitted to in a letter dated March 1, 2017 exhibit etc.a A-B IS of great public importance throughout the state Seconds the Trustee Douglas W Neway had a duty to the public to inform them of the fraud which was ignored see page 12 and 6 as exhibit B,etc.

3. Thirdly see Complant to the Florida Bar Against the former attorney Thomas C. Adam exhibit C,etc.

4. Fourth I Joseph Parrott Sr. Contacted midland mortage and MERS SYSTEM/MORTGAGE COMPANIES And was inform in a letter date Jan 20th 2017 that the loan has been paid in full. Here's the problem the letter was address to me and my wife, Which neither of us paid or sign nor authorized anything. Which appears to be some type of fraudulent activities has taking place through these companies, which need to be review or investigator. See exhibit D, No August, 25th 2020 the presiding Judge Brian J. Davis Dismissed the case without notice to the Appellants, which he admitted to in this ORDER. On June 8, 2020 Elizabeth Warren, Depty Clerk, hasd the case designed as a track one case scheduled for mediation under Local Rule 3.05 . I was notified to contact each party for case management before that would happen a order was sent dismissing the case for case management . which is a violation of our right and all other Appellees, party constitutional right . We were not afforded full due process of the law. etc. Joseph Parrott Sr. and Jo-Lynn J. Parrott filed bankruptcy on November 19, 2018. The Adam Law Group was in charge of this case. We the Appellants, was scheduled for a 341 meeting on December 19, 2018. At that time, the trustee Douglas W. Neway, the 341 meeting provided him

the trustee the opportunity to all documents necessary to be reviewed or investigated. The Appellant's was already under hardship, which will show in the financial affidavit, and tax return.

The Appellant's first payments plan on, January 4, 2019, which was a monthly payment of $975.00, in which we agreed, and never missed a payment. until the trustee, change the payment plans of the appellants. Douglas W. Neway amended the chapter 13 plan on May 10, 2019, the first change of payment of $1,682.38, then to the payment change in July through October of $1,701.81, then changing the payments 59 month November $1,470.20 until December. changing the payments for 60 month payment of $1,471.31, which we could not afford.

On Agust 23, 2019, Douglas W. Neway, order directing the debtors to make payment in day 21 of this order, and a failure to comply with this order shall result in the motion being granted and the case dismissed. On January 29, 2020, this case was dismissed by Cynthia C. Jackson Bankruptcy Judge. This appears to be done knowingly and willfully, and with the trustee years of experience, the knowledge of the law he should have knowing better, appellee Douglas W. Neway in dealing

with these types of bankruptcy cases according to his very own website.

Not only did the trustee, appellee, Douglas W. Neway, breached his duty, to the Appellant's allso, and to the public, he has taken an oath under Lafayette law,and ucc contract which bound him to the law, and he must be held accountable for his actions. We the Appellant's Joseph Parrott Sr. and Jo-Lynn J. Parrott. Douglas W. Neway the trustee had the duty to the debtors to maintain integrity making sure our plan was reasonably affordable. At first, it was until he the trustee, and the appellee decided to make changes to the plan. Wichita is a violation of our constitutional rights, and breach of contract, brach of duty and to the public etc.

7. Statement of the case, facts.

U.S. Bank National Association filed a fraudulent forecolosure against my private property at 1437 Delmar Street Jacksonville, Florida 32205, on December 23, 2009, this issue started in the state court. Mr. and Mrs. Joseph Parrott sr., were never served a summons pertaining to

foreclosure complaint which denies the Appellant in which we were violated. Appellant's do not have a daughter named Brenda Parrott. David Braxton , the Special Process Server states that he left the summon with our daughter Brenda Parrott.

Appellants did contact the process server's company, Pro Vest. Pro Vest did state that they do not have any signatures on any summons. David Braxton (Badge No: 293 and S&F No: 09-160656) the process server on the summons stated that he does not have any signtures from the appellants as well as not having any rememberance of servicing the appellants. (Please see attachments.)

We, Mr. and Mrs. Joseph Parrott Sr., contacted this employer's company, (David Braxton- Process Server) on September 13, 2013. The name of the company is Pro Vest LLC- Tampa (address:4520 Seedling Circle Tampa, Florida 33614). We, Mr. and Mrs. Joseph Parrott Sr., aslked Pro Vest LLC- Tampa to provide us with a complete copy of the served summons along with any and all required signatures (David Braxton- Process Server) within 24-48 hours. We also asked if there was a fee associated with providing us these documents and were willing to pay the necessary fees. We also asked Pro Vest to mail the

requested copied documentation to 1437 Delmar Street, Jacksonville, Florida 32205, and failure to provide these documents within the specified time, our attorney will send a notice our intent to file a lawsuit against all parties invovled. Until this day, no one has answered this request. We are asking that all parties associated and named in this complaint to be summoned to court to answer these questions under oath and full due process to get to the truth.

I Joseph Parrott Sr. contacted Midiand Mortgage, A division of Midfirst Bank, doing my resear, I was told by Raymundo Hernandez, Costomer Support Services, that Mr. AND Mrs. Joseph Parrott had paid the loan off in full on July 24, 2006. Loan No: 0047674507 and case No: FP0911941070777. It was never recorded in the Fourth Circuit Duval County Clerk office. but the loan was Release, Satisfaction , and Discharge.

Here are some things that took place during this time and event. According to the court docket, my wife and I, Mr. and Mrs. Joseph Parrott Sr., had a herring scheduled on December 13, 2011, at 1:30

p.m., in room 58. Strange things began to happen to me. I, Joseph Parrott Sr., was falsely arrested on December 13, 2011 at approxiately 10:15 a.m. by State Trooper R. Blanco. Also, I was never served a copy of this unlawful warrant that is required by law. I, Joseph Parrott Sr., came before the Judge Brent Shore on December 14, 2011 at approxiately 9:00 a.m. during arraignment where I stated I was Pro-Se.

At that time, Judge Brent Shore was obligated to release, disharge, and vacate all false charges and allegations against me. He did not allow me to speak and I was never afforded my rights. Judge Brent Shore and the Courts of Duval County, Jacksonville, Florida held me without no evidence for any probable cause or a proper lawful warrant.

After going though about 4 Judges and about 4 prosecutors trying to make me confess false guilt, and yet, when in fact, it was a civil case not a criminal case, and we had a discharge through the bankruptcy court under the Honorable Judge Paul Glenn, which I filed in the courts records and all parties knew this, which once again this was a conspiracy, fraudulent case and a personal attack against me, Joseph

Parrott Sr.

After dragging me through this court system, around April 8, 2013, they finally dismissed the fradulent charges, yet damages have already been done to my family and to definately me. I could not properly defend or develop this case due to stress and mental anguish that the 4th Judicial Cicuit. We file this at the Jacksonville Sheriff's Office in the Civil Process Unit, and no one never investigated this matter etc;.

8. Conclusion

In conclusion, We the Petition, Joseph Parrott Sr., and Jo-Lynn J. Parrott, did not recieved the Transmittal of Record on Appeal to Disctrict Court, Notice of Appeal with Orders, Designation in Appeal of Appellant, other: Docket. We will need transcripts, and exhibits. Which was submitted to the State Court as well as The Federal Court System Prior to this case. Filed on November 19, 2018 Chapter 13 Case No: 3:18Bk-04046 Bankruptcy. Yet, the truth and facts concerning these cases and matter does not begin here. This matter began December 23, 2009, with fradulent foreclosure against my personal property, and

continues to this very day. The State Case No: 16-2009-CV-018468 on June 30, 2017, filed A MOTION UNDER RULE 1.540(B) RELIEF FROM JUDGEMENT based no evidence previously not obtainable after filing for relief the State Closed Case, and reopen under Case No: 16-2018-001772, FOURTH JUDICIAL CIRCUIT IN AND For Duval County, Florida. Please see the letter written on January 23, 2020 from the Adam law Group case No: 3:18-bk-04046-CJJ listed and we need all proceedings and transcripts, and exhibits in order for this court to understand this overall complex matter. You must go back to the beinning. I will be removing, and or transferring this case from the state court to the federal appeal court UNERD 28 U.S. CODE 1916. SEAMANS SUITS, REQUESTING STAY ON APPEAL, RULE 8. STAY OR INJUNCTION, RULE 5.1. CONSTITUTIONAL CHALLENGE TO A STATUE/ 28U.S. CODE 2403, CONSTITIONAL RIGHT 28. U.S.C. 2253(C)(2)(2018) We will be asking for sanctions, injunction, default judgement $100,000 FORESEEABLE PERVIOLATION AND $1,000,000 WILLFULLY AND KNOWINGLY PERVIOLATION. And whatever the Judge see Proper, and just examination or and investigation. I am requesting that this matter be

dealt with in the appeals court ELEVENTH CIRCUIT, and UNITED STATE DEPARTMENT OF JUSTICE. The Evidence Case No: 3:20-cv-361-J-39 order of the court according to the presiding Judge BRIAN J. DAVIS his order to respond, and to show causeas to why this appeal should not be dismissed for lack of Jurisdiction, setting forth the factual and legal grounds for the court's skeptticism regarding Jurisdiction. (Doc. 11). Appellant's were directed to file a response to show Cause no later than August 14, 2020 id. The order to show expressly werned Appellant's that failure to respond would resultin the imposition of sanctions, in fact it does out shows the date when the order were sent out. What it does shows that the case was dismiss without notice to the Appellant's on August 25th 2020 Just 11 days after the order which is normally 30 days. This has already been admitted to in a order from the courts records on August 25th 2020, which cause a confict of interest, accordance with Rule 77of the court's August 24, 2020 order see (Doc. 14) and     (Doc. 16)


please see all attached supporting documents.

*(signatures)*

**Joseph Parrott Sr. / Jo-Lynn J. Parrott**

**Date July 18, 2021**

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF SERVICE

Joseph Parrott Sr.,et al vs. U.S. Bank N/A, et al  Appeal No. 21-10718-J

FRAP 25(b) through (d) (see reverse) requires that at or before the time of filing a paper, a party must serve a copy on the other parties to the appeal or review. In addition, the person who made service must certify that the other parties have been served, indicating the date and manner of service, the names of the persons served, and their addresses. **You may use this form to fulfill this requirement.** *Please type or print legibly.*

I hereby certify that on (date) July 19, 2021,

a true and correct copy of the foregoing (title of filing) Petiton,

with first class postage prepaid, has been (check one)

[✓] deposited in the U.S. Mail          [ ] deposited in the prison's internal mailing system

and properly addressed to the persons whose names and addresses are listed below:

Julie anthousis, esq
BROCK & SCOTT, PLLC
2001 NW 64th St Suite 130
FT. Lauderdale, Florida 33309

JOSEPH PARROTT SR.
Your Name (please print)          Your Signature

*Please complete and attach this form to the original document and to any copies you are filing with the court, and to all copies you are serving on other parties to the appeal.*

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF SERVICE

Joseph Parrott Sr., et al vs. DOUGLAS W. NEWAY, et al    Appeal No. 21-10718-J

FRAP 25(b) through (d) (see reverse) requires that at or before the time of filing a paper, a party must serve a copy on the other parties to the appeal or review. In addition, the person who made service must certify that the other parties have been served, indicating the date and manner of service, the names of the persons served, and their addresses. **You may use this form to fulfill this requirement.** *Please type or print legibly.*

I hereby certify that on (date) __July 19, 2021__,

a true and correct copy of the foregoing (title of filing) __Petiton__,

with first class postage prepaid, has been (check one)

[✓] deposited in the U.S. Mail     [ ] deposited in the prison's internal mailing system

and properly addressed to the persons whose names and addresses are listed below:

MARSHA M. BROWN esq, ste 1520

200 w. forsyth street

Jacksonville Florida 32202

JOSEPH PARROTT SR.                   */s/ Joseph Parrott Sr.*
Your Name (please print)              Your Signature

*Please complete and attach this form to the original document and to any copies you are filing with the court, and to all copies you are serving on other parties to the appeal.*

# ELEVENTH CIRCUIT TRANSCRIPT INFORMATION FORM

## PART I.      TRANSCRIPT ORDER INFORMATION

*Appellant to complete and file with the District Court Clerk and the Court of Appeals Clerk within 14 days of the filing of the notice of appeal in all cases, including those in which there was no hearing or for which no transcript is ordered.*

Short Case Style: Joseph Parrott Sr., Jo-Lynn Jenkins Parrott    vs U.S Bank National Association, Douglas W. Neway
District Court No.: 3:20-cv-00361-BJD    Date Notice of Appeal Filed: Feb, 27th 2021    Court of Appeals No.: 21-10718-JJ
(If Available)

CHOOSE ONE:    ☐ No hearing    ☐ No transcript is required for appeal purposes    ☒ All necessary transcript(s) on file
☐ I AM ORDERING A TRANSCRIPT OF THE FOLLOWING PROCEEDINGS:

*Check appropriate box(es) and provide all information requested:*

| | HEARING DATE(S) | JUDGE/MAGISTRATE | COURT REPORTER NAME(S) |
|---|---|---|---|
| ☒ Pre-Trial Proceedings | | | |
| ☐ Trial | | | |
| ☐ Sentence | | | |
| ☐ Plea | | | |
| ☐ Other | | | |

## METHOD OF PAYMENT:

☐ I CERTIFY THAT I HAVE CONTACTED THE COURT REPORTER(S) AND HAVE MADE SATISFACTORY ARRANGEMENTS WITH THE COURT REPORTER(S) FOR PAYING THE COST OF THE TRANSCRIPT.

☒ CRIMINAL JUSTICE ACT. My completed AUTH-24 requesting authorization for government payment of transcripts has been uploaded in eVoucher and is ready for submission to the magistrate judge or district judge [if appointed by the district court] or to the circuit judge [if ordered by or appointed by the circuit court]. [A transcript of the following proceedings will be provided ONLY IF SPECIFICALLY AUTHORIZED in Item 13 on the AUTH-24: Voir Dire; Opening and Closing Statements of Prosecution and Defense; Prosecution Rebuttal; Jury Instructions.]

Ordering Counsel/Party: Joseph Parrott Sr. Pro-se
Name of Firm: N/A
Address: 1437 Delmar Street Jacksonville Florida, 32205-6100
E-mail: parrottei@gmail.com      Phone No.: 770) 305-9608

*I certify that I have completed and filed PART I with the District Court Clerk and the Court of Appeals Clerk, sent a copy to the appropriate Court Reporter(s) if ordering a transcript, and served all parties.*

DATE: July 19, 2021    SIGNED: Joseph Parrott Sr. *[signature]*    Attorney for: Joseph Parrott Sr. Pro-se

## PART II.      COURT REPORTER ACKNOWLEDGMENT

*Court Reporter to complete and file with the District Court Clerk within 14 days of receipt. The Court Reporter shall send a copy to the Court of Appeals Clerk and to all parties.*

Date Transcript Order received: _____
☐ Satisfactory arrangements for paying the cost of the transcript were completed on: 21-10718-J
☐ Satisfactory arrangements for paying the cost of the transcript have not been made.
No. of hearing days: _____    Estimated no. of transcript pages: _____    Estimated filing date: _____
DATE: _____    SIGNED: _____    Phone No.: _____

NOTE: The transcript is due to be filed within 30 days of the date satisfactory arrangements for paying the cost of the transcript were completed unless the Court Reporter obtains an extension of time to file the transcript.

## PART III.    NOTIFICATION THAT TRANSCRIPT HAS BEEN FILED IN DISTRICT COURT

*Court Reporter to complete and file with the District Court Clerk on date of filing transcript in District Court. The Court Reporter shall send a copy to the Court of Appeals Clerk on the same date.*

This is to certify that the transcript has been completed and filed with the district court on (date): _____

Actual No. of Volumes and Hearing Dates: _____

Date: _____    Signature of Court Reporter: _____

Rev. 12/17