IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

No. 21-10718

In re:

JOSEPH PARROTT &
JO-LYNN JENKINS PARROTT
_____ Debtors

JOSEPH PARROTT &
JO-LYNN JENKINS PARROTT
                    Appellants
v.

DOUGLAS W. NEWAY, Trustee, &
U.S. BANK NATIONAL
ASSOCIATION, Trustee

_____ Appellees

Appeal from the United States District Court
For the Middle District of Florida

APPELLEE, DOUGLAS W. NEWAY, BRIEF IN RESPONSE

DOUGLAS W. NEWAY, CHAPTER 13 TRUSTEE
By  /s/Marsha M. Brown
Douglas W. Neway, Florida Bar No. 0709948
Marsha M. Brown, Attorney for Trustee, Florida Bar #650064
John J. Freeman, Jr. Attorney for Trustee, Florida Bar #58618
P.O. Box 4308
Jacksonville, Florida 32201-4308
Telephone    (904)358-6465
FAX          (904)634-0038
attorneys@ch13jaxfl.com

U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT (CIP)


JOSEPH PARROTT & JO-LYNN JENKINS PARROTT , Appellants vs. DOUGLAS W. NEWAY, Trustee, & U.S. BANK NATIONAL ASSOCIATION, Trustee, Appeal No. 21-10718, 11th Cir. R. 26.1-1(a) (enclosed) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. You may use this form to fulfill these requirements. In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party. (please type or print legibly):

Adam Law Group, P.A., former attorneys for Debtors

Adam Law Group, P.A., former attorneys for Debtors through Thomas Adam, Attorney

Brian J. Davis, District Judge, Middle District of Florida

Jerry A. Funk, United States Bankruptcy Judge, Middle District of Florida

U.S. Bank National Association

U.S. Bank National Association represented by Robertson Anschultz & Schneid P.L.

U.S. Bank National Association represented by Robertson Anschultz & Schneid P.L. through Keith Labell, Attorney

U.S. Bank National Association represented by Robertson Anschultz & Schneid P.L. through Christopher P. Salamone, Attorney

U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

STATEMENT REGARDING ORAL ARGUMENT

Douglas W. Neway, Standing Chapter 13 Trustee, does not believe that oral argument will assist the Court in resolving the issues presented in this appeal

# TABLE OF CONTENTS

Certificate of Interested Persons                                    i

Statement Regarding Oral Argument                                    iii

Table of Citations                                                   1

Brief in response                                                    2
    Jurisdictional Statement & Standard of Review        2
    Statement of Issues                                  3
    Statement of Case                                    3
      Factual Background of Bankruptcy Payments
      And Dismissal
    Summary of Argument                                  7
    Argument                                             7
    Conclusion                                           14

Certificate of Compliance                                            15

Certificate of Service                                               16

Accompanying documents                                               17
    Quit Claim deed executed on April 28, 2021
    Debtor receipts in Bankruptcy Case 3: 18-bk-4046-JAF

# TABLE OF CITATIONS

| Citation | Page |
|---|---|
| 11 U.S.C. Chapter 13 | |
| | |
| 11 U.S.C. Section 1302 | 7, 8, 10 |
| 11 U.S.C. Section 1307 | 10 |
| 11 U.S.C. Section 1322 | 8 |
| 11 U.S.C. Section 1325 | 8 |
| 11 U.S.C. Section 1326 | 4, 7 |

*Educ. Credit Mgm't Corp. v. Mosley*,  2-3
494 F.3d 1320, 1324 (11th Cir. 2007)

*In re Chase & Sanborn Corp*.,  3
904 F.2d 588 (11th Cir. 1990).

*Sciortino v. Selene Fin. L.P.*,
2018 U.S. Distr. LEXIS 224458, 2018 WL 7075245
(N.D. GA 2018, No. 21, 2018, Janet King Magistrate Judge)  11

*Torrens v. Hood*,  2
727 F.3d 1360 (11th Cir. 2013).

# APPELLEE'S BRIEF IN RESPONSE

NOW Appellee, Douglas W. Neway, Standing Chapter 13 Trustee (Trustee), by and through his undersigned counsel, responds to the Appellants' Brief filed on July 23, 2021 pursuant to Federal Rules of Appellate Procedure 28.

Trustee responds to the allegations by Joseph and Jo-Lynn Parrott (Debtors), as to those matters specifically alleged against the Trustee and the administration of the bankruptcy estate.

## JURISDICTIONAL STATEMENT AND STANDARD OF REVIEW

This is an appeal of the District Court of the Middle District of Florida's review of the Jacksonville Division Bankruptcy Court's Order Dismissing the Appellant's Chapter 13 bankruptcy case. This Court "sits as a second court of review and thus examines independently the factual and legal determinations of the bankruptcy court and employs the same standards of review as the district court." *Torrens v. Hood*, 727 F.3d 1360 (11th Cir. 2013). When a district court affirms a bankruptcy court's order, as the district court did here, this Court reviews the bankruptcy court's decision. The standard of review of the bankruptcy court's factual findings is for clear error and its legal conclusions de novo. *Educ. Credit*

*Mgm't Corp. v. Mosley*, 494 F.3d 1320, 1324 (11th Cir. 2007); See generally, *In re Chase & Sanborn Corp*., 904 F.2d 588 (11th Cir. 1990).

## STATEMENT OF ISSUES

Whether the Bankruptcy Court's Order Dismissing the Appellant's Chapter 13 bankruptcy case for non-payment of Chapter 13 plan payments was in error.

## STATEMENT OF CASE

## FACTUAL BACKGROUND OF BANKRUPTCY PAYMENTS AND DISMISSAL

1. The Debtors filed Chapter 13 Bankruptcy on November 19, 2018. (District Court Doc 2-9, Pg 190). The bankruptcy was originally filed by an attorney, Thomas C. Adam of the Adam Law Group P.A., who subsequently withdrew by order entered on February 13, 2020 (District Court Doc 2-26, Pg 445). Debtors continued pro se.

2. The Chapter 13 Plan was filed on December 5, 2018 which required monthly payments of $918.03 months 1 through 10 and $931.33 months 11 through 60 (District Court Doc 2-19, Pg 271).

3.  This was subsequently amended by the Debtors through their attorney with the First Amended Plan filed on May 10, 2019 (District Court Doc 2-37, Pg 315) which required monthly payments of $975.47 months 1 through 6, $1682.38 months 7 through 10, $1701.81 month 11, $1470.20 months 12 through 59, and $1471.31 month 60.

4.  A Second Amended Plan was filed by the Debtors through their attorney on August 19, 2019 (District Court Doc 2-44, Pg 367) which required monthly payments of $975.47 months 1 through 2, $1050.00 months 3 through 10, $1078.00 months 11 through 53, $1135.55 months 54 through 59, and $1138.05 month 60.

5.  The Debtors, through their attorney, then filed a Third Amended Plan on August 24, 2019 with payments of $1050.26 months 1 through 6 and $1188.54 months 7 through 60 (District Court Doc 2-50, Pg 388).

6. As required by 11 U.S.C. Section 1326, the first Chapter 13 plan payment was due on December 19, 2018 (30 days after the bankruptcy was filed) and then on the 19th day of each month thereafter.

7. Debtors failed to make all of the payments due as required by the plan and Trustee filed a Motion to Dismiss the case for failure to make plan payments (District Court Doc 2-48, Pg 386). The Court entered an Order on that Motion on

August 23, 2019 (District Court Doc 2-49, Pg 387), giving the Debtors 21 days to cure the plan payment delinquencies. At that time the Debtors were $2542.14 delinquent in their plan payments.

8. Not curing the delinquency in the time provided by the Court, the Debtors through their attorney filed a Motion to Extend the Time to Cure Interim Payments (District Court Doc 53, Pg 406). The Court entered an Order on that Motion on September 23, 2019 (District Court Doc 2-54, Pg 411), giving the Debtors until November 26, 2019 to cure the plan payment delinquency and maintain all regular plan payments that came due between September 23, 2019 and November 26, 2019. At that time the Debtors were $3944.25 behind in their plan payments.

9. Unable to bring the account fully current by November 26, 2019, the Debtors through their attorney filed a second motion to extend the time to Cure Interim Payments (District Court Doc 2-56, Pg 414). Upon notice and hearing held on December 18, 2019, the Court entered an Order Granting the Motion to Extend Interim Payment on December 20, 2019 (District Court Doc 2-61, Pg 427). At that time the Debtors were $6321.33 behind in their plan payments. The Order Granting the Motion to Extend Time to Cure Delinquency described two occurrences where the Debtors would be in default: 1. Missing any regular monthly payment due after the entry of the Order, and 2. Failing to cure the overall

delinquency within 90 days of the Order. If either of these default events occurred, the Trustee could file an Affidavit of Default and the case would be dismissed without further notice of hearing.

10. The Debtors failed to make the January 19, 2020 payment as it came due.

11. The Trustee filed his Affidavit of Default (District Court Doc 2-64, Pg 436) representing the Debtors were $8698.41 behind in their plan payments and had failed to make their monthly plan payment as required. The Affidavit requested dismissal of the case as contemplated by the Order Granting Additional Time to Make their Plan Payments (District Court Doc 2-61, Pg 427). The Court entered the Order Dismissing Chapter 13 Case on January 29, 2020 (District Court Doc 2-2, Pg 76).

12. From the time the bankruptcy was filed through February 13, 2020, Debtors had counsel who actively prosecuted their Bankruptcy Case can be seen through the numerous entries on the Court docket of actions taken by counsel. The Bankruptcy was dismissed on January 29, 2020 and counsel was granted leave to withdraw by Order dated February 13, 2020.

## SUMMARY OF ARGUMENT

11 U.S.C. Section 1302 outlines the duties imposed upon a Chapter 13 Trustee in the administration of a debtor's bankruptcy estate. Those duties extend to assisting the debtors in non-legal matters, including issues as to the accounting of their case. The Trustee is also to provide information to the Bankruptcy Judge regarding the progress of the case. The Trustee's duties include reviewing the case for its compliance with the Bankruptcy Code and Rules and informing the Debtors and Court as to that compliance. The Chapter 13 Trustee's assistance does not include insuring the debtors have an affordable plan or that they actually make those payments. When the Debtors in this case failed to make their Chapter 13 Plan payments pursuant to the Chapter 13 Plan proposed by their counsel, the case was dismissed. The dismissal for failure to make their Chapter 13 Plan payments was appropriate and not reversible error.

## ARGUMENT

11 U.S.C. Section 1326 (a)(1)(A) requires the debtors to commence plan payments within 30 days after the date of filing the bankruptcy.

11 U.S.C. Section 1302(b) requires the Chapter 13 Trustee to assist the debtors in the performance of their duties. The assistance includes advising debtors

in the performance of their plans and what the Trustee perceives as obstacles to confirmation under 11 U.S.C. Section 1325. The assistance also includes "ensur[ing] that the debtor commences making timely payments under section 1326…" It is the Trustee's directive to verify that the debtors know when payments begin, the timing of those payments, where payments should be sent, advising of missed payments and/or other accounting inquiries. 11 U.S.C. Section 1302(b)(4) and (5).

The Chapter 13 Trustee's assistance does not include insuring the debtors have an affordable plan or that they actually make those payments.

Further, it is part of the Trustee's duties to inform the Court if the plan fails to meet the conditions of 11 U.S.C. Section 1322 and if the case can be confirmed pursuant to 11 U.S.C. Section 1325. Those duties extend to informing the Court if the proposed plan provides for the claims as filed and if the plan is feasible, *inter alia*.

It is through the performance of the Trustee's duties to inform the Court of the status of the case and the status of the payments required by the filed Chapter 13 plan that ultimately led to the dismissal.

The monthly payment determined by the proposed Chapter 13 Plan as filed with the Court on December 5, 2018 required the following payments: $918.03

months 1 through 10 and $931.33 months 11 through 60 (District Court Doc 2-19, Pg 271).  This was subsequently amended by the Debtors through their attorney with the First Amended Plan filed on May 10, 2019 (District Court Doc 2-37, Pg 315), a Second Amended Plan filed August 19, 2019 (District Court Doc 2-44, Pg 367), and then a Third Amended Plan filed August 24, 2019.  The payments of the Third Amended Chapter 13 Plan became:   $1050.26 months 1 through 6 and $1188.54 months 7 through 60 (District Court Doc 2-50, Pg 388).

During the pendency of the Chapter 13 case, the court extended the time for Debtors to make their payments and bring the account current on three (3) different occasions. [Order Directing Debtor to Make Payment (District Court Doc 2-4, Pg 387); Order Granting Extension of Time to Bring Interim Payments Current (District Court Doc 2-54, Pg 411); and Order Granting Motion to Extend Time to Cure Delinquency (District Court Doc 2-61, Pg 427)].

Upon hearing held on December 18, 2019, the Court gave the Debtors their third chance to make their payments. (District Court Doc 2-60, Pg 426)  The Order Granting Motion to Extend Time to Cure Delinquency required the Debtors to make their regular payments as they came due after the hearing date and bring the account current within ninety (90) days. Failure to abide by either criteria allowed dismissal of the case without further notice or hearing upon the Trustee filing the

affidavit of default. (District Court Doc 2-61, Pg 427)

Although the Court gave the Debtors this additional opportunity to make their payments, they did not. Pursuant to the Order and 11 U.S.C. Section 1307(c)(4), which allows the court to dismiss a case under this chapter for cause, including failure to commence making timely payments, the Trustee filed the affidavit asserting the default in the January 19, 2020 payment due (District Court Doc 2-64, Pg 436).

The Court dismissed the Debtors' Chapter 13 Bankruptcy case on January 29, 2020 (District Court Doc 2-2, Pg 76).

It was after the dismissal of the Bankruptcy case that the counsel was granted leave to withdraw.  (District Court Doc 2-26, Pg 445). Even if Debtors had not been represented by competent counsel throughout the proceedings, it is not a duty of the Trustee to take those actions alleged by the Debtors to represent their interest in the bankruptcy or the state court foreclosure.

11 U.S.C. §1302(b) specifically lays out the duties of the Trustee which is to assist a debtor in the administration of their bankruptcy.  Those duties also specifically prohibit the Trustee from advising the Debtor on legal matters.  11 U.S.C. §1302(b)(4).  The actions the Debtors allege should have been taken by the

Trustee focus on legal issues for which they hired their attorneys.[1]

As the Court found in *Sciortino v. Selene Fin. L.P.*, 2018 U.S. Distr. LEXIS 224458, 2018 WL 7075245 (N.D. GA 2018, No. 21, 2018, Janet King Magistrate Judge), the Court must look beyond the factual allegations submitted by parties and consider those statements in the context of the evidence filed and determine when the "factual allegations" are merely general or conclusory statements. This is especially true when the statements made are contradicted by the evidence and exhibits presented. *Id.* at 2-3. In *Sciortino*, the Appellant argued the validity of the security deed on his residence. The Bankruptcy Judge found in favor of the creditor and denied confirmation of Debtor's plan which also resulted in the dismissal of the Debtor's bankruptcy. The Debtor then filed a notice of appeal from the order denying the motion to set aside the dismissal. On appeal the creditor sought to dismiss the complaint for failure to state a claim which was heard by and recommended by the magistrate. Although the Court recognized the leniency to be applied to pro se pleadings, the Court was also bound by the rights

---

[1]      The Debtors argue the Trustee failed to properly review documents as to the home mortgage foreclosure and associate those documents directly with the Debtors' financial status, i.e. the Trustee was under a duty to determine whether they could make the payments required of the proposed Chapter 13 Bankruptcy Plan.

     Further they incorrectly allege that, by a plan filed May 10, 2019, the Trustee changed the Debtors' proposed plan payments. This change resulted in payments they could not afford in violation of the Trustee's duty to maintain the integrity of the bankruptcy system. They state these alleged actions breach their constitutional rights and result in a breach of contract and duty.

     Overall, the Debtors argue that the Order of Dismissal from the bankruptcy case was incorrectly entered by the Court and through some unnamed actions by the Trustee.

of parties to be clear as to the allegations being made. The failure to recite specific facts but instead make conclusory statements which broadly sweep at various legal principles is indicative of litigation for litigation sake. *Id.* at 23.

As in this case, the Debtors have made broad sweeping allegations as to what a Trustee should or should not do. They allege without justification that it is the Trustee's duty to inform the public of fraud, to investigate a mortgage company, and to provide a reasonably affordable plan for the Debtors. They argue that by not taking those actions, the Trustee violated some "oath under Lafayette law, and ucc contract (sic)" (Debtor's Brief filed July 23, 2021 at page 9)

The Debtors themselves in their Brief filed on July 23, 2021 admit that this foreclosure action has been progressing since December 2009 (page 9). They point to no records or evidence before this Court or any of the prior court proceedings which support their allegations of breach of duty by this Trustee in any manner.

They have filed numerous bankruptcies and have had numerous attorneys assisting them over the course of the various proceedings.[2]

From a cursory review of the litigation, the sole purpose of the appeal and other pleadings filed seem nothing more than to stall or avoid foreclosure. In this case, the foreclosure is now a moot issue given that as of April 28, 2021, the Debtors have transferred their interest in the parcel subject of the foreclosure complaint and this appeal to a third party. (A copy of the Quit-Claim deed is attached as an accompanying document to this Brief)

As outlined, the Trustee's actions in this case were required by the Bankruptcy Code. The Trustee, and the Court, afforded the Debtors with every opportunity to obtain additional time and/or information as to the payments being proposed and what was required of them to make those payments. Debtors' counsel was retained to handle all remaining legal issues and prosecute as they deemed appropriate. The Debtors had competent counsel the full course of the bankruptcy proceeding for which they now allege was handled incorrectly.

---

[2] As indicated by the Clerk's docket entry on November 20, 2019 in Bankruptcy Case 3: 18-bk-4046-JAF: Prior Bankruptcy Case(s) for joint debtors Joseph Parrott and Jo-Lynn Jenkins Parrott Case Number 16-03137, Chapter 13 filed in Florida Middle Bankruptcy Court on 08/17/2016 , Dismissed for Other Reason on 11/04/2016; Case Number 11-03580, Chapter 7 filed in Florida Middle Bankruptcy Court on 05/17/2011 , Standard Discharge on 09/23/2011; Case Number 17-00839, Chapter 13 filed in Florida Middle Bankruptcy Court on 03/15/2017 , Dismissed for Failure to File Information on 04/04/2017; Case Number 13-05963, Chapter 13 filed in Florida Middle Bankruptcy Court on 10/01/2013; Case Number 14-05417, Chapter 13 filed in Florida Middle Bankruptcy Court on 11/03/2014 , Dismissed for failure to make plan payments on 03/09/2015; Case Number 09-01384, Chapter 13 filed in Florida Middle Bankruptcy Court on 02/27/2009 , Dismissed for failure to make plan payments on 09/28/2009.(Admin) (Entered: 11/20/2018)

## CONCLUSION

As to the history of this Bankruptcy Case and the facts as they exist on the docket of the matter, no reversible error exists.

DOUGLAS W. NEWAY, CHAPTER 13
TRUSTEE
By /s/Marsha M. Brown
Douglas W. Neway
Florida Bar No. 0709948
Marsha M. Brown, Attorney for Trustee
Florida Bar #650064
John J. Freeman, Jr. Attorney for Trustee
Florida Bar #58618
P.O. Box 4308
Jacksonville, Florida 32201-4308
Telephone    (904)358-6465
FAX          (904)634-0038
attorneys@ch13jaxfl.com

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

Check the appropriate box in section 1, and check the box in section 2.

**1. Type-Volume**

☒ This document complies with the word limit of FRAP because, excluding the parts of the document exempted by FRAP 32(f) and ___, this document contains  3343 words.

Or

☐ This brief complies with the line limit of FRAP ___ because, excluding the parts of the brief exempted by FRAP 32(f) and ___ , this brief uses a monospaced typeface and contains ___ lines of text.

**2. Typeface and Type-Style**

☒ This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

/s/ Marsha M. Brown
Attorney for Douglas W. Neway
Dated:  August 23, 2021

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing was served by electronic transmission, facsimile transmission and/or U.S. Mail on this September 2, 2021 on:

Joseph and Jo-Lynn Parrott, 1437 Delmar Street, Jacksonville, FL 32205
U.S. Bank National Association c/o Ocwen Loan Servicing LLC, P.O. Box 24605, West Palm Beach, FL 33416-4605
Robertson, Anschultz & Schneid, P.L., 6409 Congress Ave., Suite 100, Boca Raton, FL 33487
William J. Simonitsch, Assistant U.S. Trustee, 400 W. Washington Street, Suite 1100, Orlando, FL 32801

/s/Marsha M. Brown

ACCOMPANYING DOCUMENTS


Document 1

Copy of Quit-Claim Deed from Joseph and Jo-Lynn Parrott to Joseph C. Hall Jr.

as to the property subject of the mortgage foreclosure action:  1437 Delmar St.,

Jacksonville, Florida  32205 recorded in the public records of Duval County,

Jacksonville Florida at O.R. Book 19699, Page 2382


Document 2

Trustee's ledger as to receipt of payments from Debtors, Joseph and Jo-Lynn

Parrott in Bankruptcy Case 3: 18-bk-4046-JAF

Document 1

Copy of Quit-Claim Deed from Joseph and Jo-Lynn Parrott to Joseph C. Hall Jr. as to the property subject of the mortgage foreclosure action: 1437 Delmar St., Jacksonville, Florida 32205 recorded in the public records of Duval County, Jacksonville Florida at O.R. Book 19699, Page 2382

THIS INSTRUMENT PREPARED BY:
NAME Joseph and Jo-Lynn Parrott
ADDR. 1437 Delmar Street
Jacksonville, FL 32205

**This Quit Claim Deed**, *Executed this* ___28th___ *day of* _____April_____, ___2021___, *by*
*(first party)* Joseph and Jo-Lynn Parrott 1437 Delmar Street Jacksonville, FL 32205
*to (second party)* Joseph C. Hall Jr.
*whose post office address is* 11783 Tumbleweed Way Jacksonville, FL 32218
*(Wherever used herein the terms "first party" and "second party" shall include singular and plural, heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, wherever the context so admits or requires.)*

**Witnesseth**, *That the said first party, for an in consideration of the sum of $*_____1.00_____, *in hand paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quit-claim unto the said second party forever, all the right, title, interest, claim and demand which the said first party has in and to the following described lot, piece or parcel land, situate, lying and being the County of* _____Duval_____, *State of* _____Florida_____ *to wit:*
THE SUTHERLY 100 FEET OF LOT12, BLOCK "D", LACKAWANNA, ACCOURDING TO PLAT THEREOF AS RECORDED
IN PLAT BOOK 4, PAGE 66 OF THE CURRENT PULBLE RECORDS OF DUVAL CUNT, FLORIDA.

**To have and to hold**, *the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever for the said first party, either in law or equity, to the only proper use, benefit and behoof of the said second party forever.*
**In Witness Whereof**, *the said first party has signed and sealed these presents the day and year first above written.*

*Signed, sealed and delivered in the presence of:*

Witness Signature as to First Party

Edgar Cowe
Printed Name

Witness Signature as to First Party

MAKia Hicks
Printed Name

Witness Signature as to Co-First Party (if applicable)

Edgar Cowe
Printed Name

Witness Signature as to Co-First Party (if applicable

makia Hicks
Printed Name

Signature of First Party
Joseph Parrott  JoLynn Parrott
Printed Name
1437 Delmar St Jacksonville, Fl
32205
Post Office Address

Signature of Co-First Party (if applicable)
Joseph c. Hall Jr.
Printed Name
11783 Tumbleweed Way  Jax, Fl 32218
Post Office Address

Page 1 of 2

STATE OF FLORIDA
COUNTY OF _Duval_

    The foregoing instrument was acknowledged before me this _28TH_ day of _April_, _2021_, by _Joseph C. Hall Jr._, who is personally known to me or has produced _FL. Drivers License_ as identification and who did/did not take an oath.

_____
Notary Public

_Willie Moore III_
(Print, type, or stamp commissioned name of Notary Public)



Willie A. Moore III
Comm. # GG 960502
Expires: Feb. 20, 2024
Bonded Thru Aaron Notary

Page 2 of 2

Document 2

Trustee's ledger as to receipt of payments from Debtors, Joseph and Jo-Lynn

Parrott in Bankruptcy Case 3: 18-bk-4046-JAF



| Case | Parties | Pay Schedules | Payees | Financials | Forum | Documents | Docket | Scan | Attach | Matters | Worksheets |
|------|---------|---------------|--------|------------|-------|-----------|--------|------|--------|---------|------------|

Recently Accessed Cases: 18-04046-JAF JOSEPH PARROTT

**18-04046-JAF    JOSEPH PARROTT** ⓘ    **$1,188.54 MO** ⓘ **Bar Date:** ⓘ 1/28/2019 (has passed) 5/20/2019 (has passed)

1325(b)(4) ($29,758.24) **JO-LYNN JENKINS PARROTT** ⓘ    **Confirmed:** Not Confirmed  Bar Check is NO

Tickle Me    **Attorney: PROSE** ⓘ    **Case Status:** D-DISMISSED PRIOR TO CONFIRMATION (1/29/2020)

JOSEPH PARROTT paying **$1,188.54** MONTHLY    Adequate Protection:

| Receipts | Receipts/Debtor Refunds | Disbursements | Adjustments | Trustee Disbursements | Trustee Adjustments | Show All |
|----------|-------------------------|---------------|-------------|-----------------------|---------------------|----------|

| Start | | | End | | | Post Code | | Claim ID | | Payee Name | |
|-------|--|--|-----|--|--|-----------|--|----------|--|------------|--|
| First | ▼ | ∨ | Last | ▼ | ∨ | All Post Codes ▼ | | All IDs ▼ | | All Names ▼ | |

**Check Status:** | Cleared | Stale Dated | Stop Payment | Cancelled | Voided | Outstanding |

| Date | Payee / Batch | Payee / Reserve Name | Check / Source | Description | Receipts | Disbursements | Balance |
|------|---------------|----------------------|----------------|-------------|----------|---------------|---------|
| 2/19/2020 | 0 | JOSEPH PARROTT | 81034 | Debtor Refund-Closing - INDIVIDUAL CLOSEOUTS | | $719.93 | |
| 6/28/2019 | 36225 | | | TFS - MONTHLY PLAN PAYMENT | $976.00 ⓘ | | |
| 5/31/2019 | 36132 | | | TFS - MONTHLY PLAN PAYMENT | $975.47 ⓘ | | |
| 5/1/2019 | 36026 | | | TFS - MONTHLY PLAN PAYMENT | $1,050.00 ⓘ | | |
| 3/28/2019 | 35932 | | | TFS - MONTHLY PLAN PAYMENT | $1,050.00 ⓘ | | |
| 2/27/2019 | 35842 | | | TFS - MONTHLY PLAN PAYMENT | $1,050.00 ⓘ | | |
| 1/29/2019 | 35747 | | | TFS - MONTHLY PLAN PAYMENT | $1,050.00 ⓘ | | |
| 12/27/2018 | 35633 | | | TFS - MONTHLY PLAN PAYMENT | $960.00 ⓘ | | |
| | | | | **Totals:** | **$7,111.47** | **$719.93** | **$6,391.54** |